IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BRYANT OMONTTEZ WILLIAMS,<br><br>                    Defendant. | **4:17CR3132**<br><br><br>**MEMORANDUM AND ORDER** |

Mr. Williams has filed a motion for compassionate release. (Filing 119). I will deny the motion for the reasons set forth below.

Mr. Williams was sentenced on October 4, 2018, to a term of 262 months imprisonment, followed by 5 years supervised release. On October 31, 2019, a Rule 35(b) sentencing proceeding was held before Senior Judge Richard G. Kopf. The Court granted the government's Motion (Filing 99) for reduction of his sentence, and the term of imprisonment was reduced to 156 months, followed by the same term and conditions of supervised release. His projected release, including good conduct time, from the Bureau of Prisons is November 14, 2028.

Filing 126 at CM/ECF p. 1.

Mr. Williams has a terrible criminal history. His criminal history category is VI. The Probation Officer described his criminal history as follows:

According to the Revised Presentence Report submitted to the Court on September 14, 2018, Mr. Williams' criminal history dates back to 1997, and includes convictions for the following: attempted possess of controlled substance; carrying concealed weapon; driving under the influence [multiple]; conspiracy to distribute crack cocaine [1999 federal conviction]; assault [multiple]; possessing marijuana;

possess money while violating 28-416; and possession of forged instrument, to name a few. For his prior 1999 federal conviction, he was sentenced to 68 months in the BOP, was released in 2005, violated his supervised release within 10 months, and was returned to the BOP for an additional 36 months. He was ultimately released in 2008. For his previous state felony convictions, he was sentenced to probation, county jail terms, and/or to terms of state imprisonment [in 2012 and 2014]. For his most recent state prison term [2014], he received a sentence of 18-36 months, was released in August 2016, and started committing the present instant offense that same month.

*Id.* at pp. 1-2.

I assume, without deciding, that Mr. Williams' medical condition might constitute an extraordinary and compelling reason for compassionate release due to COVID. That being said, after considering the 18 U.S.C. § 3553 factors, compassionate release is not warranted. My reasoning for denial of the motion is set forth in the Probation Officer's Conclusion, Recommendation, and Justification which states:

Bryant Williams, age 41 [DOB: December 10, 1979], is serving a 156-month prison term, and has been incarcerated since October 2018. According to BOP medical records, the defendant is obese and has high blood pressure, but otherwise, appears to be in relatively good health. He is not segregated or infirmed due to any medical conditions, was approved for work detail, and is classified as simple care/healthy with no disabilities. According to the Centers for Disease Control, adults of any age who suffer from obesity are at an increased risk of severe illness from the virus that causes COVID-19, and adults of any age with hypertension or high blood pressure might be at an increased risk for COVID-19 severe illness. Ultimately, there is no way of knowing if Mr. Williams is at a higher risk to contract COVID-19 while an inmate in the BOP or while living in Lincoln under supervised release.

Mr. Williams submitted a release plan which involved residing at his mother's home in Lincoln, which was not entirely accurate, as his mother does not live on her own, but with the defendant's sister. However, after contacting the defendant's sister, she confirmed with this officer that he could release to her residence in Lincoln. It was ultimately determined that this would be a stable residence for his reintegration to the community, and this release plan meets the standards for approval. Mr. Williams has a family who supports both him and his compassionate release request, which was of little doubt, as their genuine care and concern for their son/brother was obvious and appeared sincere. Of concern, however, is that Mr. Williams is serving a 156-month prison term, of which he has only served 27 months. The BOP has placed him in the category of being at a high-risk for recidivism, and Mr. Williams will return to an area where the friends/associates with whom he got into trouble still reside. In addition, he has a history of violence and one which involves firearm possession, state felony convictions, and two federal convictions [one factor the Court is to consider when reducing a term of imprisonment is if the defendant is a danger to the safety of any person or to the community (USSG 1B1.13(2)]. Further, according to the RPSR, at the time of his arrest in 2017, he had been unemployed since 2014, and to date, he has not completed a work-training program or vocational preparedness in the BOP. Ultimately, each of the above noted risk factors appear to outweigh the benefits of a compassionate release and the basis for same. Therefore, based on a combination of the aforementioned, and since the undersigned officer is unable to determine that the basis for early compassionate release offsets the associated risk factors, there appears to be a valid and reasonable argument for continued incarceration. **Therefore, the undersigned officer respectfully recommends the request for compassionate release be denied.**

*Id.* at p. 5 (emphasis in original).

In summary, Mr. Williams remains a danger to the community and, on balance, that dangerousness tips the scales in favor of continued imprisonment. Therefore,

IT IS ORDERED that the motion for compassionate release (Filing 119) is denied.

Dated this 8th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge